FILED

2026 Jul-27  PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARY ABRAMS, As the Personal Representative and Administrator of the ESTATE OF RODERICK ABRAMS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JEFFERSON DUNN, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>**Civil Action No.:**<br>**2:20-cv-00011-MHH**<br>)<br>)<br>)<br>) |

## WEXFORD'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JUNE 8, 2026 TEXT ORDER [DOC. 153]

COMES NOW Defendant, Wexford Health Sources, Inc. ("Wexford"), by and through the below-signed counsel, and replies to Plaintiff's Supplemental Brief in response to the Court's June 8, 2026 Text Order [Doc. 157]:

On June 8, 2026 the Court entered a Text Order requiring the parties to brief the issue as to whether the Plaintiff's expert, Marcus R. Patterson, a psychologist, could offer expert testimony in a wrongful death action under the Alabama Medical Liability Act ("AMLA") against Wexford [Doc. 153]. The Court's Order of June 8, 2026 stated in part as follows: "accordingly, Wexford and Ms. Abrams shall submit Supplemental Briefs on whether ALA. CODE § 6-5-548 bars consideration of Dr. Patterson's testimony (in whole or in part) for Ms. Abrams's **State-Law Wrongful Death Claim** against Wexford." The Court's Order only required the parties to

address the state law Wrongful Death Claim against Wexford. The Court did not require or request the parties address any other claim of Ms. Abrams against Wexford.

ALA. CODE § 6-5-548 addresses the burden of proof in a medical liability matter, including a wrongful death claim, against medical professionals in the state of Alabama. ALA. CODE § 6-5-548 sets forth with specificity what healthcare providers can provide expert testimony against other healthcare providers in a claim filed under the AMLA.

ALA. CODE § 6-5-548 (a) sets forth the general burden of proof by the necessity of offering substantial evidence that a healthcare provider failed to exercise the standard of care. ALA. CODE § 6-5-548 states specifically as follows:

> (a) In any action for injury or damages or **wrongful death**, whether in contract or tort, against a healthcare provider for breach of the standard of care, the plaintiff shall have the burden of proving by substantial evidence that the healthcare provider failed to exercise such reasonable care, skill, and diligence as other similarly situated healthcare providers in the same general line of practice ordinarily have an exercise in a like case.

ALA. CODE § 6-5-548(b) sets forth the burden when offering evidence against a healthcare provider that is not certified by an appropriate American Board as being a specialist. ALA. CODE § 6-5-548(c) sets forth the standard when offering evidence against a medical provider that is certified by an appropriate American Board as a specialist.

ALA. CODE § 6-5-548(e) applies to both non-board certified and board-certified medical providers with regards to providing evidence in a matter, including a wrongful death matter, filed pursuant to the AMLA.

ALA. CODE § 6-5-548(e) sets forth specifically that a healthcare provider can offer expert testimony against another healthcare provider, based on the breach of the standard of care, **only if** he or she is a "similarly situated healthcare provider" as defined in ALA. CODE § 6-5-548(b) and ALA. CODE § 6-5-548(c).

Abrams sets forth in her Supplemental Brief that Marcus R. Patterson, Psy.D., "is a licensed clinical psychologist in the District of Columbia, Maryland, and Virginia; he holds a master's degree in psychology, in addition to his clinical doctorate..." [Doc. 157., p. 6].

It is undisputed that Marcus Patterson, Psy. D. is not a medical doctor. Marcus Patterson is a psychologist. Attached to Wexford's Brief filed in compliance with this Court's Order of June 8, 2026 [Doc. 154], Wexford attached the declarations of Mary Katherine Thrower, M.D. and Brian Gawronski, D.O. Both Dr. Thrower and Dr. Gawronski are board certified psychiatrists. Both Dr. Thrower and Dr. Gawronski are medical doctors licensed to practice medicine in the state of Alabama. [Doc. 154., pp. 15-19]. As both Dr. Thrower and Dr. Gawronski are board-certified psychiatrists, Dr. Marcus Patterson is precluded from offering expert testimony with regards to their treatment of Roderick Abrams pursuant to ALA. CODE § 6-5-548(c) and Ala. Code § 6-5-548(e).

Ms. Abrams, in her brief, appears to confuse the Defendants to her Complaint. Ms. Abrams states in part as follows: "that focus on the individual practitioner cuts against reading § 6-5-548(e) to disqualify an expert's testimony wholesale merely because one or two of the several Defendants happen to be board-certified specialists." However, the only named Defendant in this matter is Wexford Health Sources Inc. The only individual Defendant named by Ms. Abrams in her Complaint is Barbara Coe, who is a registered nurse. Ms. Abrams makes no reference to Barbara Coe in her Supplemental Brief filed on July 21, 2026 [Doc. 157].

The medical records of Mr. Abrams evidence the fact that Abrams received mental healthcare from Amber Fox, an associate **licensed** mental health professional ("ALMHP") and J. Thomas, a **licensed** medical social worker ("LMSW"). There is no evidence that Ms. Thomas or Ms. Fox are board-certified (although they are licensed). Therefore, a similarly situated healthcare provider would fall under ALA. CODE § 6-5-548(b) if the healthcare provider is not certified by an appropriate American Board, a "similarly situated healthcare provider" is one who meets **all** of the following qualifications:

(1) is **licensed** by the appropriate regulatory board or agency of this or some other state; (2) is trained and experienced in the same discipline or school of practice; and (3) has practiced in the same discipline or school of practice during the year preceding the date that the alleged breached standard of care occurred.

Ms. Abrams has provided no evidence that Marcus R. Patterson, PsyD. is a licensed mental health professional and/or a licensed medical social worker. Nor has Ms. Abrams offered any evidence that March Patterson is trained and experienced in the same discipline as Ms. Fox, a licensed mental health professional and/or Ms. Thomas, a licensed medical social worker. Therefore, pursuant to ALA. CODE § 6-5-548(b) and ALA. CODE § 6-5-548(e) Dr. Patterson does not meet the qualifications of the similarly situated healthcare provider and by law, is precluded to offer expert opinions under the AMLA. As clearly set forth in § 6-5-548:

> (e) the purpose of this section is to establish a relative standard of care for healthcare providers. A healthcare provider may testify as an expert witness in any action for injuries or damages against another healthcare provider based on a breach of the standard of care    he or she is "similarly situated healthcare provider" as defined above.

Ms. Abrams appears to ignore the "only if" specific language found in ALA. CODE § 6-5-548 (e). Ms. Abrams appears to state that the "only if" language of § 6-5-548(e) does not pertain to the opinions of Marcus Patterson. On pages 9-11 of Ms. Abrams's brief, Ms. Abrams lists a series of opinions of Marcus Patterson that, according to Ms. Abrams, somehow fall outside of the mandates of ALA. CODE § 6-5-548. According to Ms. Abrams: "Alabama Negligence Law does not require a Plaintiff to isolate a single, exclusive proximate cause where multiple, independent breaches combined to produce a single indivisible harm; each may be found to be a legal cause of the result of injury." [Doc. 157, p. 11]. However, Ms. Abrams clearly ignores the specific language of ALA. CODE § 6-5-548 with regards to expert

5

testimony in a matter filed under the AMLA, specifically what medical practitioners are defined as similarly situated under the Act and the fact that "only" similarly situated providers can offer expert testimony in an act filed pursuant to AMLA.

Ms. Abrams then, for some reason, cites the matter of *Braggs v. Dunn,* No. 2:14-cv-00601-MHT-WC. However, Wexford was not a party to the *Braggs v. Dunn* matter. Ms. Abrams, on page 13 of her brief, cites to a Final Settlement Opinion dated July 25, 2017. However, Wexford's contract with the Alabama Department of Corrections ("ADOC") did not begin until April 1, 2018. Ms. Abrams cites a seven-week bench trial that occurred prior to Wexford's contract with the ADOC. Therefore, any rulings in the *Braggs v. Dunn* matter had nothing to do with Wexford whatsoever.

Ms. Abrams has not offered any response to this Court's Order of June 8, 2026 [Doc. 153] as to why Marcus Patterson's opinion testimony should be admissible in any claim for wrongful death against Wexford.

Therefore, Marcus Patterson's testimony should be precluded pursuant to § ALA. CODE 6-5-548, and the wrongful death claim against Wexford is due to be dismissed as a matter of law.

Respectfully submitted,

*/s/ Philip G. Piggott*
PHILIP G. PIGGOTT (ASB-4379-P67P)
E-mail: ppiggott@rushtonstakely.com
RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.
1901 6th Avenue North-Suite 1000
Birmingham, AL 35203
Telephone: 205-443-2769
Facsimile: 334-262-6277
Attorney for Defendant CHS AL, LLC.


## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following counsel of record:


Andrew Dill Menefee
Menefee Law
PO Box 6134
Montgomery, AL 36106
amenefee@menefee-law.com

Kira Yalon Fonteneau
The Worker's Firm
2 North 20th Street
Suite 900
Birmingham, AL 35203
fonteneau@theworkersfirm.com

Tara S. Hetzel,
State of Alabama,
Alabama Attorney General's Office
501 Washington Avenue
Montgomery, AL 36130
Tara.hetzel@alabamaag.gov

7

Vania Latitia Hosea
Office of the Attorney General-Alabama
PO Box 300152
Montgomery, AL 36130
Vania.hosea@alabamaag.gov

Elizabeth A. Ware
STEVENS & LEE
111 North Sixth Street
P.O. Box 679
Reading, PA 19603
(610) 478-2210
elizabeth.ware@stevenslee.com

/s/Philip G. Piggott
OF COUNSEL